HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PRIMERICA LIFE INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN ALLRED and SHANNON ATKINSON, <br><br> Defendant. | CASE NO. C11-5299RBL <br><br> ORDER DENYING MOTION FOR RELIEF FROM ORDER <br><br> [Dkt. #108] |

THIS MATTER is before the Court on Defendant Atkinson's "Motion for Relief from Order [Dkt. 107] for Distribution of Prudential Life Insurance Proceeds." [Dkt. #108] Atkinson asks the Court to reconsider or delay its determination [most recently at Dkt. #107] that Defendant Allred is entitled to the proceeds of the Prudential Life Insurance policy, which is one of two policies at issue in this consolidated action. (The Prudential policy was the subject of Cause No. 11-CV-5369RBL).

Atkinson argues that, although the Court months ago granted a motion for summary judgment determining that Allred was entitled to the Prudential policy proceeds, her subsequently amended pleadings continued to assert and allege that she was entitled to those proceeds. She alludes to new evidence in support of her claim to them, but that evidence is not

identified or provided— instead, she alleges nakedly that Allred accessed the decedent's computer and made herself the Prudential policy's beneficiary.

The amended pleading does not "trump" the Court's prior determination that Allred is entitled to the proceeds as a matter of law, and by permitting Atkinson to file the amended pleadings, the Court did not suggest that the prior determinations were in doubt.

This Court granted Allred's Motion for Summary Judgment, declaring her the beneficiary under the Prudential Policy and holding "Allred is entitled to the proceeds of the Policy" on April 18, 2012. [Dkt. #54].

On December 6, 2012 the Court denied Allred's Motion for Summary Judgment [Dkt. #66] as to the *Primerica* policy. In footnote 1 of that Order, the Court reiterated its prior decision: "Allred was awarded the proceeds of the Prudential Policy in a prior Summary Judgment Order. [Dkt. #54]. " In footnote 3, the Court repeated: "This Court has already granted the proceeds of the Prudential Policy to Allred. [Dkt. #54]." And again, footnote 7 said: "The Court correctly determined that the Prudential Policy went to Allred under ERISA." [See December 6 Order, Dkt.# 91]

The focus of the December 6, 2012 order was entirely on Atkinson's claim of forgery in executing the designation of beneficiary or, in the alternative, use of marital assets to purchase the *Primerica policy*. In connection with the summary judgment on the Primerica policy, Atkinson moved to amend her pleadings to assert cross-claims against Allred for forgery based on her experts' opinions that the documents were forged, and that Allred was the forger. Based on Atkinson's presentation of opinion testimony, Allred's Motion for Summary Judgment [Dkt. #66] was denied and Atkinson's Motion to Amend [Dkt. #72] was granted.

1	One day later Atkinson filed an Amended Answer and Cross-Claim Against Co-Defendant Allred [Dkt. #92]. In a cynical attempt to resurrect her claims as to the Prudential proceeds, Atkinson alleged "on information and belief" that Jerry Atkinson did not change or, intend to change, the primary beneficiary on his Prudential policy on November 3, 2009.

5	On December 12, 2012 Defendant Carolyn Allred filed a Motion for Distribution of Insurance Policy Proceeds [Dkt. #93]. In response, Defendant Atkinson again alleged, without evidence, that Allred had committed fraud or "had essentially engaged in a form of computer forgery by way of gaining unauthorized access to Jerry Atkinson's ERISA Prudential Life Insurance Plan Benefits via the Internet." The Court granted the Motion for Distribution of Funds (Prudential only) on December 28, 2012 [Dkt. #107].

11	Finally, on December 28, 2012, Atkinson filed the subject Motion for Relief from Orders for Distribution of Prudential Life Insurance Proceeds [Dkt. #108]. Atkinson asks the Court to essentially undo its prior determination under Fed. Civil Rules 56(f) and 60 (b)(6).

14	Defendant's argument is not persuasive. This action was commenced on April 18, 2011. The underlying events occurred between August 21, 2009 and November 12, 2010. The Court resolved Allred's entitlement to the Prudential policy proceeds on April 18, 2012.

17	Trial on the resolution of the parties' competing claims to the Primerica policy proceeds was, until very recently, scheduled for January 7, 2013. Given the long, tortured history of this case, Atkinson's apparent claim that she needs additional time to discover facts in support of her newly minted and recently alleged "computer forgery" claim is simply not credible.

21	The Motion is akin to an attempt to escape the consequence of a falling elevator by jumping at the precise moment it bottoms out. The Court decided the right to the Prudential Policy proceeds in April 2012 and executed the order authorizing the payment of the proceeds in

24

1 | December 2012. The Motion for Relief from Order for Distribution of Proceeds [Dkt. #111] is

2 | **DENIED.**

3 | **IT IS SO ORDERED.**

4 | Dated this 2nd day of January, 2013.

Ronald B. Leighton
United States District Judge