HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PRIMERICA LIFE INSURANCE CO.,

　　　　　　　　Plaintiff,

　　　v.

CAROLYN ALLRED and SHANNON
ATKINSON,

　　　　　　　　Defendant.

CASE NO. C11-5299RBL

(Consol. w/ C11-5369RBL)

ORDER GRANTING MOTION TO
STAY PENDING APPEAL

[DKT. #118]

　　　THIS MATTER is before the Court on Defendant Atkinson's Motion to Stay [Dkt. #118]

the Court's Order for Disbursement of Prudential Life Insurance Proceeds[Dkt. #118] pending

appeal.  Atkinson's Motion is based on Fed. R. Civ. P. 65 and Fed. R. App. P. 8.

　　　Allred points out that the issue of a stay pending appeal is actually governed by Rule 62,

which imposes a much lighter for the party seeking a stay.  Unlike an injunction under Rule 65,

staying a judgment or order pending appeal is dependent only on the posting of a supersedeas

bond; the relative hardship and irreparable harm elements are not part of the calculus:

　　　**Stay with Bond on Appeal**. If an appeal is taken, the appellant may obtain a stay
　　　by supersedeas bond[.]  The bond may be given upon or after filing the notice of

1     appeal or after obtaining the order allowing the appeal. The stay takes effect when
2     the court approves the bond.

3        Atkinson is entitled to a stay pending appeal, assuming that her appeal is timely

and that she can post a bond.

4

5        As to the former issue, Allred argues the initial summary judgment order [Dkt.

6 #54] establishing Allred's right to the proceeds of the Prudential life insurance policy was

7 a "final order" and that Atkinson's time to appeal it has expired.  The Order did not so

specify, and the Court did not consider it to be a final Order at that time.  Apparently,

8

9 Allred did not, either; she waited an additional 8 months to seek distribution of the

10 proceeds.  The appeal appears to be timely, although that issue may ultimately be

resolved by the Ninth Circuit.

11

12        As to the latter issue, Allred seems to suggest a bond in the amount of her fees,

13 which she estimates to be at least $10,000.  Atkinson offers a bond in the amount of

interest earned on the insurance proceeds pending appeal, or a maximum of $5,000.

14

15        The Court will STAY the disbursement Order upon Atkinson's posting a $10,000

16 supersedeas bond.  The Motion is GRANTED on that condition.

17        IT IS SO ORDERED.

18        Dated this 24th day of January, 2013.

19

20                       Ronald B. Leighton
                          United States District Judge

21

22

23

24