HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>      v.<br><br>CAROLYN ALLRED,<br><br>                    Defendant,<br><br>and<br><br>SHANNON L. ATKINSON,<br><br>                    Defendant. | CASE NO. C11-5299 RBL<br><br>ORDER ON VARIOUS PRETRIAL MOTIONS<br><br>[DKT. #s 127, 128, 133] |

THIS MATTER is before the Court on the following Motions: Allred's Motion re Jury Trial, Expert Witnesses and Release of Prudential Funds [Dkt. #127]; Defendant Atkinson's Motion for Extension of Time [Dkt. # 128] and Atkinson's Motion for Recusal [Dkt. #133].

Allred's Motion asks the Court to reject Atkinson's Jury Demand, filed January 31, 2013. She asks the Court to preclude Atkinson's from replacing one expert (Mr. Baggett) with another (Ms. Christman), arguing that the limit is one expert per topic. Atkinson previously sought to exclude Mr. Baggett.

1  Allred finally asks the Court to release the Prudential insurance policy proceeds to her
2 because Atkinson has not posted the required supersedeas bond to stay the Court's prior decision
3 pending appeal.  Atkinson seeks a continuance of Allred's Motions due to a broken wrist.
4 [Dkt. # 128].

5  While the Court is not unsympathetic regarding Mr. Kombol's injury, it has not
6 prevented him from filing pleadings and the issues raised are readily resolved.  Additionally,
7 there are upcoming deadlines and an impending trial date.  The Motion to Continue Allred's
8 Motions [Dkt. #128] is DENIED.

9  Allred's Motion to Strike Atkinson's recently filed Jury Demand is GRANTED, not
10 because the claims raised are equitable, but because the alleged basis for it—bias—is untrue and
11 insufficient, and because the Jury Demand is not timely.  *See Lutz v. Glendale Union High*
12 *School,* 403 F.3d 1061 (9th Cir. 2005).

13  Allred's Motion regarding expert testimony is DENIED.  It has not been shown that the
14 proposed testimony would be duplicative; it instead appears to be aimed at curing the defects in
15 Baggett's testimony Atkinson raised in the past.

16  Allred's Motion to Disburse due to the lack of supersedeas is DENIED; Atkinson claims
17 to have posted a cash alternative.

18  The final Motion is Atkinson's Motion for Recusal. This Motion is based on 28 U.S.C. §
19 445, and Allred's claim that the Court's January 2, 2013, Order [Dkt. #114].  That Order
20 reiterated the Court's prior ruling that Allred was entitled to the proceeds of the Prudential
21 insurance policy as a matter of law, and that the Court's subsequent Order [*See* Dkt. # 91]
22 permitting Atkinson to Amend her Cross Claim against Allred was not intended to permit re-
23 litigation of that issue.

24

1  While the Order was worded strongly, it does not contain any appearance of bias, and it certainly reflects no actual bias. It instead reflects the Court's view of the case as gleaned from hearing the evidence and arguments presented *in this case*. *See Botts v. United States*, 413 F.2d 41, 44 (9th Cir. 1969) (Unfavorable rulings are insufficient to require recusal).

Furthermore, The Court's ruling does not and cannot reflect any risk that the Court "might pre-judge the merits of Atkinson's Cross Claim as to the proceeds of the Prudential policy." The Court had already ruled—months before—that Allred was entitled to those proceeds. [*See* Dkt. # 54]. The Motion to Recuse is also untimely; the Order upon which it is based was entered two months ago.

The Motion to Recuse is DENIED and the Court will not recuse itself voluntarily. The Court will refer the motion to Chief Judge Pechman pursuant to GR 8(c).

Dated this 4th day of March, 2013.

*[signature: Ronald B. Leighton]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE