HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

                Plaintiff,

    v.

CAROLYN ALLRED, Defendant

and

SHANNON ATKINSON, Defendant.

PRIMERICA LIFE INSURANCE
COMPANY,

                Plaintiff,

    v.

CAROLYN ALLRED, Defendant

and

SHANNON ATKINSON, Defendant.

CASE NO. C11-5299RBL

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

THIS MATTER having come on duly and regularly for hearing before the undersigned

judge of the above entitled court for trial, and Shannon L. Atkinson (Atkinson) having appeared

1    and been represented by Barry Kombol and Benjamin Kelly, and Carolyn Allred (Allred) having

2    appeared and been represented by George S. Kelley, and the Court having heard witnesses,

3    examined documents and heard argument, and being fully advised in the premises, does hereby

4    enter the following:

5                                        **FINDINGS OF FACT**

6            1.      This cause arises from an interpleaded life insurance policy issued by the

7    Primerica Life Insurance Company on May 17, 1993 (Policy No. 04-30236149) on the life of

8    Jerry Atkinson.

9            2.      A second policy issued by Prudential Company of North American (Policy No.

10   G-46725) has earlier been awarded to Allred by Order of Summary Judgment filed April 18,

11   2012 and confirmed by Order of Summary Judgment filed December 6, 2012.  Atkinson has

12   taken the position that this Court's Order on Summary Judgment (Dkt. 91), allowing a limited

13   right to amend her response, has resurrected issues pertaining to the Prudential policy and

14   presented evidence regarding said policy during trial.

15           3.      At the time the Primerica Policy was issued in 1993, Shannon Atkinson, spouse of

16   Jerry Atkinson, was its primary beneficiary.

17           4.      On August 21, 2009 the Atkinsons separated and Jerry Atkinson left the family

18   home.  After the separation Jerry Atkinson and Carolyn Allred resided together.

19           5.      On November 12, 2009 Shannon Atkinson filed a petition for legal separation in

20   Pierce County Superior Court under case number 09-3-04059-1.

21           6.      On November 3, 2009 Jerry Atkinson changed the beneficiary of the Prudential

22   policy by online change of beneficiary.  He disclosed the change of beneficiary to his spouse in a

23

24

FINDINGS OF FACT AND CONCLUSIONS OF
LAW - 2

1  Financial Declaration filed with the Pierce County Superior Court in the dissolution of marriage

2  proceeding on December 2, 2009.  (Exhibit 6)

3      7.      On December 1, 2009 Jerry Atkinson changed the primary beneficiary on the

4  Primerica policy from Shannon Atkinson to Carolyn Allred and the following day he filed a

5  counter-petition for dissolution in Peirce County Superior Court.  Jerry Atkinson made the

6  change of beneficiary on a form previously provided by Primerica after he had requested the

7  form by telephone from his cell phone on November 13 and 16, 2009, and it was subsequently

8  mailed to him at his residential address. (Exhibit C)

9      8.      As of November 12, 2009, and certainly no later than December 2, 2009, the date

10  that Jerry Atkinson filed a counter petition for dissolution, the marriage of Jerry and Shannon

11  Atkinson was defunct as the parties had ceased residing together, Jerry Atkinson had established

12  a living arrangement with Carolyn Allred, had established a joint checking account with Carolyn

13  Allred, and was engaged in dissolution litigation in Pierce County Superior Court.

14      9.      On November 12, 2010 Jerry Atkinson committed suicide.

15      10.      The dissolution proceeding was subsequently dismissed by Shannon Atkinson on

16  November 15, 2010.

17      11.      The change of beneficiary form (Exhibit C), which had earlier been mailed to

18  Jerry Atkinson's residence, was signed by Jerry Atkinson and witnessed by Christopher Ryan

19  and Gary Goodner.  The date on the change of beneficiary form was December 1, 2009, a day

20  when Jerry Atkinson had scheduled the initial meeting in the morning with his divorce attorney.

21  He had worked the evening shift on November 30, 2009 at the Sonoco recycling plant in

22  Sumner, Washington where he and the witnesses were employed.  Jerry Atkinson worked shifts

23  that alternated between day, swing and graveyard, and therefore occasionally worked the same

24

FINDINGS OF FACT AND CONCLUSIONS OF
LAW - 3

1    shift as the witnesses, who were permanently assigned to day shift.  His return to the Sonoco

2    plant on his way to the lawyer's office was to get the change of beneficiary form witnessed, and

3    because his usual coworkers were not on duty, he had Ryan and Goodner act as witnesses.

4          12.    Witness Christopher Ryan denies that he witnessed Jerry Atkinson sign the form

5    because he and Jerry Atkinson had different work schedules and were never together at a time

6    when he was asked to sign any document, and therefore, believes that his signature is a forgery.

7          13.    Witness Gary Goodner testified that he does not recall being a witness on the

8    change of beneficiary form, but did not claim that his signature is a forgery.

9          14.    Letter from Primerica to Jerry Atkinson at his residential address, dated December

10   8, 2009, confirmed the change of beneficiary. (Exhibit 3).

11         15.    According to the testimony of James Green, Allred's handwriting expert, the

12   signature of Jerry Atkinson on the Primerica Change of Beneficiary Form is probably genuine.

13   Mr. Green examined a photo copy of the Change of Beneficiary form together with the original

14   signatures of Jerry Atkinson on documents dated September 26, 2009 and November 13, 2009,

15   carbon copies of his signature on documents dated September 26, 2009, and machine copies of

16   his signature on documents dated December 1, 2009, January 13, 2010, January 28, 2010, and

17   October 29, 2010, which samples are accepted by handwriting experts in determining the

18   authenticity of disputed signatures.  (Exhibit 4)

19         16.    Green testified that the questioned signatures of witnesses Ryan and Goodner are

20   probably genuine.  Green's opinion of probably genuine is the second highest degree of certainty

21   as per standards of American Society for Testing Materials (ASTM) which is recognized by

22   document examiners in rendering opinions.

23

24

FINDINGS OF FACT AND CONCLUSIONS OF
LAW - 4

17.     Green recognized that each individual's signature will vary depending on many circumstances including the type document being signed, stress of its author, writing materials used, surface being written on, and the writing instrument being used.  In reviewing many examples of the genuine signatures these variations can be identified and used to reach a final opinion regarding genuineness.  One difference, or even a significant difference, is insufficient to eliminate a writer of a signature.

18.     Wendy Carlson presented testimony that she attended correspondence school in order become a questioned documents expert.  She testified that the signatures of Jerry Atkinson, Christopher Ryan and Gary Goodner were forged.  She testified that she was "absolutely certain" that she was correct.  She testified that one "significant difference", as that term is defined in the ASTM, is sufficient to disqualify a signature as genuine.  Her opinion regarding Jerry Atkinson's signature was based upon a review of the change of beneficiary form (Exhibit C), one photo copied signature on a legal pleading and five checks, all bank provided copies.  She did no independent examination of Ryan's or Goodner's signatures but relied on an examination of one of her co-workers.

19.     James Green's opinion is more credible than Wendy Carlson's on the issues regarding the validity of the questioned signatures.

20.     Payments of the monthly insurance premiums were paid by automatic deduction from the joint account (U.S. Bank Account No. xxxxxxxx6758) of Allred and Jerry Atkinson which was created October 2009.  Payments were paid by electronic transfer from said account on a monthly basis.  In the event of insufficient funds in said account, there was no overdraft protection that would have indebted the former marital account of Jerry and Shannon Atkinson. Jerry Atkinson paid money into his former marital account (U.S. Bank Account No.

xxxxxxxx6073) in order that the mortgage on his former house would be paid as an automatic withdrawal, as per the order of the Pierce County Superior Court in the dissolution proceeding.

## CONCLUSIONS OF LAW

1.     The Court has jurisdiction of the parties and the subject matter of this proceeding.

2.     The Court recognizes that the standard of proof regarding alleged forgeries is by clear, cogent and convincing evidence.  Atkinson failed to prove any portion of her case by even a preponderance of the evidence.

3.     The character of the funds including the premium payment prior to his death used to pay the premiums on the Primerica Policy following December 1, 2009, were separate funds of Jerry Atkinson and the policy and its proceeds are therefore his separate property, free from any claim of his estranged spouse, Shannon Atkinson.

4.     There is no credible evidence to support the allegation that Carolyn Allred obtained access to Jerry Atkinson's computer, either his work or personal computer, and changed the beneficiary of Prudential policy.

5.     Jerry Atkinson acknowledged that he had changed the beneficiary to the Prudential policy by a "Sealed Financial Document" filed in his dissolution proceeding and served upon Shannon Atkinson or her divorce attorney.

6.     By a preponderance of the evidence, Jerry Atkinson had the intent to change the beneficiary of the subject Primerica policy on December 1, 2009 and exercised that intent where he executed the Change of Beneficiary Form and took no contrary action after receipt of the December 8, 2009 letter from Primerica confirming said change of beneficiary.

1      7.    The proceeds of said Primerica Policy and the Prudential Policy that have been

2 interplead into this court are hereby confirmed to belong to Carolyn Atkinson, and the Clerk of

3 the Court is directed to release them to Carolyn Allred though her attorney George S. Kelley.

4      DATED this 12th day of June, 2013.

5

6

7

                    RONALD B. LEIGHTON

8                    UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

FINDINGS OF FACT AND CONCLUSIONS OF
LAW - 7